# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                  )

       v.                    )     I.D. No. 1504010863A
                                  )

MICHAEL BROOMER,     )
                                  )

     Defendant.       )

Submitted: October 5, 2022
Decided:  October 27, 2022

*Upon Defendant Michael Broomer's Second Motion for Postconviction Relief*
**SUMMARILY  DISMISSED.**

**ORDER**

Sean P. Lugg, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

Michael Broomer, SBI# 696466, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se*.

**WHARTON, J.**

The 28th day of October, 2022, upon consideration of Defendant Michael Broomer's ("Broomer") Second Motion for Postconviction Relief ("SMPCR") and the record in this case, it appears to the Court that:

1.    Broomer was convicted at trial of Murder in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Reckless Endangering in the First Degree.  He appealed his convictions to the Delaware Supreme Court.  That Court affirmed the judgment of this Court in part and remanded in part for this Court to a complete a *Batson* analysis. This Court, over Boomer's objection, completed its *Batson* analysis on the record as it existed at trial without holding an evidentiary hearing or allowing additional briefing.  The Court found that that Broomer had not carried his burden of proving purposeful discrimination. The Supreme Court affirmed that decision.[1]  Broomer's first attempt at postconviction relief in this Court was unsuccessful.[2]  This Court's decision was affirmed on appeal.[3]

2.    Broomer now brings a second Motion for Postconviction Relief.[4]  In it he raises claims of: (1) purportedly "newly discovered evidence" involving a "double Brady violation"; (2) several instances of ineffective assistance of trial counsel.

---

[1] *Broomer v. State,* 2017 WL 5900084 (Del. Nov. 28, 2017).
[2] *State v. Broomer*, 2021 WL 4987625 (Del. Super. Ct. Oct. 24, 2021).
[3] *Broomer v. State,* 2022 WL 3581111(Del. Aug. 22, 2022).
[4] D.I. 139.

3. The purported "newly discovered evidence" and "double *Brady* violation" relates to a redacted interview given to police by Dorothy Mangrum, the grandmother of homicide victim, Raekwon Mangrum. Dorothy Mangrum did not testify at trial. Broomer has attached an unredacted transcript of that interview prepared by O'Rourke Investigative Services and provided to Broomer's trial counsel on April 27, 2016, approximately four months prior to trial.[5]

4. The first ineffective assistance of counsel claim alleges that trial counsel ignored allegedly exculpatory information in the Dorothy Mangrum interview.[6] The second claim is that trial counsel to effectively present arguments related to gunshot residue ("GSR") and the State's failure to preserve evidence related to GSR evidence.[7] The third claim alleges that Broomer's trial counsel failed to challenge supposed prosecutorial misconduct in coercing false testimony from an eyewitness police officer and misrepresenting the officer's testimony in summation.[8] Broomer's his final claim Broomer argues that trial counsel "should have challenged Carl Rone's testimony regarding the pictures of a gun seized from the phone and the gun that was seized" because "the search warrant was overly broad and all of the messages and photos should have been suppressed."[9]

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

5.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11]    Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[12]  A second or subsequent motion is repetitive and therefore barred.[13]  The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[14] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[15]  Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[16]  Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-

---

[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*
[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(2).
[14] Super. Ct. Crim. R. 61(d)(2)(i).
[15] Super. Ct. Crim. R. 61(d)(2)(ii).
[16] Super. Ct. Crim. R. 61(i)(3).

conviction proceeding, or in a federal habeas corpus hearing" are barred.[17] Here, the SMPCR is barred because it is untimely and repetitive. Additionally, some claims are procedurally defaulted because they assert grounds not raised previously, while another ground is barred because it raises an issue previously adjudicated.

6. Broomer's claim of newly discovered evidence revealing a "double *Brady* violation" presents neither anything new, nor a *Brady* violation, much less a double *Brady* violation. The O'Rourke Investigative Services cover letter to Broomer's counsel enclosing an unredacted transcript of Dorothy Mangrum's statement is dated approximately four months *prior* to trial.[18] It obviously is not "newly discovered." Further, whether the statement contains exculpatory information or not, it just as obviously was not withheld from Broomer by the State, the *sine qua non* of *Brady* violation, because Broomer's trial counsel had it well before trial.

7. Broomer raised 21 allegations of ineffective assistance of counsel against trial and appellate counsel in his first postconviction relief motion.[19] Those 21 allegations included an allegation that counsel was ineffective with respect the preservation of GSR,[20] but did not include allegations that: (1) trial counsel was ineffective with respect to Dorothy Mangrum's statement to the police; (2) the prosecutor engaged in prosecutorial misconduct by coercing false testimony from an

---

[17] Super. Ct. Crim. R. 61(i)(4).
[18] D.I. 139.
[19] *State v. Broomer,* at *1.
[20] *Id.,* at *4-5.

eyewitness police officer and mischaracterizing his testimony in summation; or (3) the scope of the search warrant as it relates to Carl Rone's testimony.[21] Thus, Broomer's claim regarding GSR is barred as previously adjudicated , while the other claims are barred as procedurally defaulted because they were not asserted earlier.

8.      Broomer has failed overcome Rule 61's bars to relief.  He has failed to show cause for relief or prejudice from a violation of his rights.[22]  Further, he has not overcome the bar of procedural default because he has not claimed that the Court lacked jurisdiction or pled with particularity actual innocence or a newly recognized, retroactively applied, rule of constitutional law that renders his conviction invalid.[23]

9.  Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[24]  Here, it is plain to the Court from the Motion and the record in this case that Broomer is not entitled to relief.

**THEREFORE,** Defendant Michael Broomer's Second Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

*/s/ Ferris W. Wharton*
Ferris W. Wharton, J.

---

[21] *Id.,* at *1, 8, 33-34.
[22] Super. Ct. Crim. R. 61(i)(3).
[23] Super. Ct. Crim. R. 61(i)(5); 61(d)(2)(i) and (ii).
[24] Super. Ct. Crim. R. 61(d)(5).